IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER MOMOT, individually and as Administrator of the Estate of Mark Momot,** | : : : : | CIVIL ACTION |
| Plaintiff, | : : | NO.  11-cv-7806-JD |
| v. | : : | |
| **CITY OF PHILADELPHIA, POLICE COMMISSIONER CHARLES RAMSEY, THE PHILADELPHIA POLICE DEPARTMENT, and PHILADELPHIA POLICE OFFICERS JOHN/JANE DOE 1-5,** | : : : : : : : | |
| Defendants. | : | |

**DuBOIS, J.**                                                                                                          **May 16, 2012**

## M E M O R A N D U M

### I. INTRODUCTION

      This is a civil rights case arising out of the suicide of Mark Momot during a period of detention at the Philadelphia Police Department's Fifteenth District. Plaintiff Peter Momot filed suit individually and as Administrator of the Estate of his brother Mark against the City of Philadelphia, Police Commissioner Charles Ramsey, the Philadelphia Police Department, and five police officers whose identities are unknown, referred to in the Complaint as John/Jane Doe 1–5. In the Complaint, plaintiff asserts claims under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts a claim under Article I, Section 1 of the Constitution of the Commonwealth of Pennsylvania and state-law negligence claims.

Defendants have filed a Motion to Dismiss Counts III, IV and V and All Claims Against Commissioner Ramsey.[1] For the reasons that follow, the Court grants in part and denies in part defendants' motion.

## II. BACKGROUND[2]

At approximately 10:00 p.m. on February 12, 2010, Philadelphia police officers took Mark Momot ("Decedent") into custody for violating a protective order at Decedent's parents' home. (Compl. ¶ 18.) Decedent was taken by the police to the Fifteenth District police station and placed him in a holding cell. (Id. ¶ 23.) At the time of Decedent's arrest, the officers were made aware of Decedent's fragile mental state—including depression and suicidal tendencies—and intoxication due to drinking and/or drug use. (Id. ¶¶ 19, 22, 37, 43.)

At approximately 3:15 a.m. on February 13, 2012, unidentified police officers found Decedent inside his cell "hanging from the top bar from his shirt tied around his neck." (Id. ¶ 26.) The officers did not attempt to rescue Decedent; they left him hanging in the cell until paramedics arrived approximately fifteen minutes later. (Id. ¶¶ 27–31.) Decedent died as a result of this incident; his death was ruled a suicide by hanging. (Id. ¶ 32.)

Plaintiff alleges that, prior to this incident, defendants knew that there had been suicides and suicide attempts by pretrial detainees in police station holding cells. (Id. ¶ 55.) Despite this, plaintiff alleges, defendants "failed and continue to fail to take necessary steps to correct or

---

[1] Defendants' filing contained only a proposed order and a brief in support of the Motion to Dismiss; there was no motion. However, the Court construes defendants' filing as a motion to dismiss under Rule 12(b)(6). Further, although the title of defendants' brief states that only the City of Philadelphia moves to dismiss, the brief seeks dismissal of Counts III, IV, and V as to all defendants. Thus, the Court addresses defendants' motion as to all defendants.

[2] As required on a motion to dismiss, the Court takes all plausible factual allegations contained in plaintiff's Complaint to be true.

2

remedy the deficiencies in the operation of the Philadelphia Police District holding cells that facilitate suicides and suicide attempts." (Id. ¶ 57.) Further, plaintiff contends that the Philadelphia Police Department has not adequately trained its officers to "identify, monitor, or safeguard suicidal, medication or drug dependent or emotionally disturbed pre-trial detainees." (Id. ¶ 81.)

### III.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a civil plaintiff must allege facts that "'raise a right to relief above the speculative level.'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court used a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then assess "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief. Id.

3

**IV. DISCUSSION**

The Complaint contains five counts. Count I asserts a claim against all defendants under 42 U.S.C. § 1983 for violating the Fourth and Fourteenth Amendments to the United States Constitution. In Count II, plaintiff makes a claim against all defendants under § 1983 for violating the Eighth Amendment to the United States Constitution. Count III sets forth a claim against all defendants under Article I, Section 1 of the Constitution of the Commonwealth of Pennsylvania. Count IV asserts a state-law negligence claim against the individual officers. Finally, in Count V, plaintiff makes a wrongful-death claim against all defendants for "violating the Constitutional Rights of the Decedent and/or in their carelessness and negligence." (Id. ¶ 108.) The claimant in Counts I–IV is plaintiff as Administrator Decedent's Estate; he asserts the claim in Count V for the benefit of those persons entitled by law to recover damages for wrongful death. Plaintiff seeks compensatory and punitive damages on all counts and sues all individual defendants in both their individual and official capacities.

Defendants' Motion to Dismiss seeks dismissal of (1) Counts III, IV, and V; (2) all claims against Commissioner Ramsey; (3) all claims for punitive damages against the City of Philadelphia; and (4) all claims against the City of Philadelphia Police Department. For the reasons stated below, the Court grants the motion with respect to Counts III, IV, and V; all claims for punitive damages against the City of Philadelphia; and all claims against the City of Philadelphia Police Department. The Court denies the motion with respect to the remaining claims against Commissioner Ramsey. The Court also dismisses Count II sua sponte.

**A. Official-Capacity Claims**

Plaintiff asserts all claims against the individual defendants in both their official and their individual capacities. (Compl. ¶ 13.) Official-capacity claims are properly treated as claims

4

against the employer municipality—in this case, the City of Philadelphia. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985); Stana v. Sch. Dist. of Pittsburgh, 775 F.2d 122, 130 (3d Cir. 1985). Thus, the Court will treat all claims against Commissioner Ramsey and the five unidentified officers in their official capacities as claims against the City of Philadelphia.

### B. Count II: Violation of Eighth Amendment

Defendants do not argue that Count II should be dismissed. However, the Eighth Amendment does not apply to defendants' treatment of Decedent, a pretrial detainee at the time of his death. See Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977); Kost v. Kozakiewicz, 1 F.3d 176, 188 (3d Cir. 1993) ("'Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process [C]lause.'" (quoting Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987)). Thus, the Court dismisses Count II, a claim under § 1983 for violations of the Eighth Amendment, sua sponte.

### C. Count III: Violation of Pennsylvania Constitution

The parties agree that Count III should be dismissed for failure to state a claim because there is no recognized cause of action under the Pennsylvania Constitution. See Jones v. City of Phila., 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006); Ryan v. Gen. Mach. Prods., 277 F. Supp. 2d 585, 595 (E.D. Pa. 2003) ("The Supreme Court of Pennsylvania has not ruled on the issue of whether there is a private cause of action for damages under the state constitution, and the federal courts in this Circuit that have considered the issue have concluded that there is no such right under the Pennsylvania Constitution."). Thus, Count III is dismissed.

### D. Count IV: State-Law Negligence Claim

In Count IV, plaintiff asserts a state-law negligence claim against the individual officers in their individual and official capacities. (Compl. ¶¶ 13, 96–103.) As noted above, the Court

treats the official-capacity claims as claims against the City of Philadelphia. See supra Section IV.A. Defendants have moved to dismiss Count IV under Pennsylvania's Political Subdivision Tort Claim Act ("PSTCA"), 42 Pa. Cons. Stat. Ann. § 8541 et seq. This Memorandum will address the official-capacity claim and the individual-capacity claim in turn.

### 1. Official-Capacity Claim

The PSTCA immunizes municipalities from liability for all state-law tort claims. See Smith v. Sch. Dist. of Phila., 112 F. Supp. 2d 417, 424 (E.D. Pa. 2000). The PSTCA provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. Ann. § 8541. The City of Philadelphia is a "local agency" for the purposes of the Act. See id. § 8501; Fulginiti v. City of Philadelphia, No. 08–1752, 2010 WL 2510369, at *3 (E.D. Pa. June 15, 2010). While the PSTCA provides eight exceptions to this grant of immunity, none apply in this case. See id. § 8542(b) (listing the following eight exceptions: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals). Accordingly, the City of Philadelphia is immune from plaintiff's state-law negligence claim. Count IV is dismissed as to plaintiff's claims against the officers in their official capacity.

### 2. Individual-Capacity Claim

With respect to plaintiff's individual-capacity claim against the officers, the PSTCA states that employees of a local agency are entitled to the same immunity as their employer. See 42 Pa. Cons. Stat. Ann. § 8545. However, the PSTCA does not shield an employee from liability where his or her conduct constitutes a "crime, actual fraud, actual malice, or willful misconduct."

Id. § 8550; Kuzel v. Krause, 658 A.2d 856, 859 (Pa. Commw. Ct. 1995). "Willful misconduct, for the purposes of tort law, has been defined by [the Pennsylvania] Supreme Court [as] conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." King v. Breach, 540 A.2d 976, 981 (Pa. Commw. Ct. 1988) (citing Evans v. Phila. Transp. Co., 212 A.2d 440 (Pa. 1965)); see also In re City of Phila. Litig., 938 F. Supp. 1278, 1289 (E.D. Pa. 1996).

The Complaint alleges in Count IV that "Decedent's death and the injuries he suffered prior to his death were caused in whole or in part by the carelessness, recklessness and/or negligence of" the officers. (Compl. ¶ 101.) Plaintiff has failed to allege a "crime, actual fraud, actual malice, or willful misconduct."[3] 42 Pa. Cons. Stat. Ann. § 8550. Thus, the Court grants defendants' Motion to Dismiss as to the individual-capacity claims set forth in Count IV against the officers. Such dismissal is without prejudice to plaintiff's right to amend the Complaint if warranted by the facts.

### E. Count V: Wrongful Death

In Count V, plaintiff asserts a claim against all defendants pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. Cons. Stat. Ann. § 8301. (Compl. ¶ 105.) The Pennsylvania Wrongful Death Act allows "the personal representative of the deceased [to] bring an action to recover damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death." Id. § 8301(d). A wrongful-death

---

[3] In Paragraph 62 of the Complaint, plaintiff alleges, "To effectuate further punishment of the Decedent, the defendants deliberately ignored and/or acted with deliberate indifference to Decedent's compromised emotional state and obvious suffering." This allegation of knowledge of emotional suffering is insufficient to state a claim that the officers "desired to bring about [Decedent's death] or at least [were] aware that it was substantially certain to follow." King, 540 A.2d at 981.

action may "be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death." Pa. R. Civ. P. 2202(a).

In making this claim, plaintiff alleges that "Decedent's suicide and death were the direct and proximate result of the conduct of the [d]efendants in violating the [c]onstitutional [r]ights of the Decedent and/or in their carelessness and negligence." (Compl. ¶ 108.) Defendants seek dismissal of Count V, arguing that the City is immune from wrongful-death claims under the PSTCA. In response, plaintiff argues that Count V is not based on state law but rather is a "[c]onstitutional claim for [w]rongful [d]eath," which he claims the PSTCA does not bar. (Br. Opp'n Def. City of Phila.'s Mot. Dismiss Counts III, IV, V Pursuant Fed. R. Civ. P. 12(b)(6) Failure State Claim, at 3.)

The Court rejects plaintiff's argument. Although plaintiff is correct that the PSTCA does not protect state entities from federal claims, see Wade v. City of Pittsburgh, 765 F.2d 405, 407 (3d Cir. 1985), Count V is a state-law claim to which the PSTCA applies.[4] The Wrongful Death Act allows recovery "for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 Pa. Cons. Stat. Ann. § 8301. No case has squarely addressed whether a constitutional violation can serve as the "wrongful act" triggering the application of the Wrongful Death Act. However, even if a constitutional violation can form the basis for a wrongful-death claim in Pennsylvania, such a claim is still a state-law claim

---

[4] Insofar as Count V asserts a wrongful-death claim based on state-law negligence, the PSTCA also bars that claim. See supra Section IV.D.1; see also Fath v. Borough of Coraopolis, No. 08-1216, 2010 WL 1816263, at *10 (W.D. Pa. May 3, 2010); Richardson v. City of Phila., No. 89-8901, 1992 WL 46899, at *10–11 (E.D. Pa. Mar. 6, 1992). Thus, the Court grants defendants' motion to dismiss as to that part of Count V that asserts a wrongful-death claim based on state-law negligence. Such dismissal is without prejudice to plaintiff's right to amend the Complaint if warranted by the facts. See supra Section IV.D.2.

subject to the PSTCA. Courts have uniformly treated wrongful-death claims in the context of civil-rights cases as state-law claims. See, e.g., Sparks v. Hershey, 661 F.2d 30, 33 (3d Cir. 1981); Bennett ex rel. Irvine v. City of Phila., Nos. 03-5685, 05-833, 2006 WL 1371189, at *13 (E.D. Pa. May 17, 2006) (dismissing wrongful-death claim under PSTCA even though the complaint based that claim on a violation of § 1983); Estate of Rhoad v. E. Vincent Twp., No. 05-5875, 2006 WL 1071573, at *10 (E.D. Pa. Apr. 18, 2006); Richardson v. City of Phila., No. 89-8901, 1992 WL 46899, at *10–11 (E.D. Pa. Mar. 6, 1992) (holding that an action under the Wrongful Death Act "sound[s] in tort and thus [is] governed by the [PSTCA]"). The single case plaintiff cites in support of his argument also treats a wrongful-death claim as a state-law claim. See Owens v. Hahnemann Univ. Sch. of Med., No. 94-4675, 1996 U.S. Dist. LEXIS 7724, at *6–7 (E.D. Pa. May 29, 1996) ("Turning to the state-law claims asserted in the complaint— wrongful death and survival claims—it is obvious that the conclusion reached above with regard to the federal claims . . . applies . . . .").[5]

Accordingly, the PSTCA bars plaintiff's claim in Count V as against the City of Philadelphia. Plaintiff's claim against the individual defendants in their individual capacities also fails under the PSTCA because plaintiff has failed to allege that those defendants engaged in a "crime, actual fraud, actual malice, or willful misconduct." See 42 Pa. Cons. Stat. Ann. § 8545; Pelzer v. City of Phila., 656 F. Supp. 2d 517, 539 (E.D. Pa. 2009); Section IV.D.2.

---

[5] Owens also holds that the administrator of a decedent's estate may bring a § 1983 claim for a federal constitutional violation on behalf of the estate. Id. at *6. Plaintiff has done this in Count I, and defendants do not argue that Count I should be dismissed. Owens is inapposite to the question whether a wrongful-death claim that derives from a constitutional violation is subject to the PSTCA.

The Court grants defendants' Motion to Dismiss as to Count V. Such dismissal is without prejudice to plaintiff's right to amend the Complaint as to the claim against the individual defendants in their individual capacities if warranted by the facts.

### F. Claims Against Commissioner Ramsey

Finally, defendants argue that the Court should dismiss all claims against Commissioner Ramsey in his individual capacity[6] because plaintiff has failed to allege that Commissioner Ramsey was personally involved. As noted above, the Court grants defendants' Motion to Dismiss as to Counts III, IV, and V, and dismisses Count II sua sponte. Thus, the only claim remaining is Count I—a § 1983 claim for violations of Decedent's Fourth and Fourteenth Amendment rights.[7] For the reasons that follow, the Court concludes that plaintiff has adequately stated a claim for relief against Commissioner Ramsey in Count I.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (quoting Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). However, a plaintiff can demonstrate personal involvement by showing "actual knowledge and acquiescence," provided that the plaintiff makes such allegations "with appropriate particularity." Id. "[A] plaintiff asserting a failure to supervise claim must not only identify a specific supervisory practice that the defendant failed to employ, he or she must also allege 'both (1) contemporaneous knowledge of the offending incident or knowledge of a prior

---

[6] The Court treats claims against Commissioner Ramsey in his official capacity as claims against the City of Philadelphia, as discussed supra, Section IV.A.

[7] If plaintiff amends the Complaint to assert that Commissioner Ramsey engaged in conduct constituting a "crime, actual fraud, actual malice, or willful misconduct," 42 Pa. Cons. Stat. Ann. § 8545, plaintiff's wrongful-death action in Count V would also proceed against Commissioner Ramsey in his individual capacity.

pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval.'" C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 202 (3d Cir. 2000) (quoting Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir.1997)).

In this case, plaintiff has alleged "a specific supervisory practice that the defendant failed to employ." Id. at 202. Plaintiff has alleged that defendants, including Commissioner Ramsey, inter alia, failed to "create, establish and/or implement an adequate suicide prevention system" and failed to train officers "who interacted with prisoners to recognize potentially suicidal detainees." (Compl. ¶ 38.)

Moreover, plaintiff has alleged that Commissioner Ramsey had "knowledge of a prior pattern of similar incidents." C.H., 226 F.3d at 202. Paragraph 55 of the Complaint asserts that defendants "knew prior to February 12, 2010[,] that there had been suicides and suicide attempts by pre-trial detainees within the police station holding cells."

Finally, plaintiff has alleged "circumstances under which the supervisor's inaction could be found to have communicated a message of approval." C.H., 226 F.3d at 202. Plaintiff contends that, "despite [d]efendants' knowledge of past suicides and suicide attempts, the [d]efendants have failed and continue to fail to take necessary steps to correct or remedy the deficiencies in the operation of the Philadelphia Police District holding cells that facilitates suicides and suicide attempts." (Compl. ¶ 57.) Further, plaintiff has alleged that there were "well settled practices" at the Philadelphia Police Department that contributed to the individual officers' failure to prevent Decedent's suicide, and that Commissioner Ramsey was responsible for "establishing the policies, practices and regulations for conduct of all employees of the Philadelphia Police Department," including those dealing with suicide risk. (Id. ¶¶ 10, 59.)

Thus, the Court concludes that plaintiff has pled facts sufficient to sustain a § 1983 claim against Commissioner Ramsey in his individual capacity. Defendants' Motion to Dismiss is denied as to the remaining claims against Commissioner Ramsey.

### G. Punitive Damages

Plaintiff seeks punitive damages in all counts of the Complaint. In their Motion to Dismiss, defendants argue that punitive damages are not recoverable from the City of Philadelphia. Defendants are correct; under the PSTCA, a plaintiff may not recover punitive damages from a municipality. 42 Pa. Cons. Stat. Ann. § 8553(c); Ne. Jet Ctr., Ltd. v. LeHigh-Northampton Airport Auth., No. 90-1262, 1996 WL 442784, at *15 n.10 (E.D. Pa. Aug. 1, 1996); Marko ex rel. Marko v. City of Phila., 576 A.2d 1193, 1194 (Pa. Commw. Ct. 1990). Thus, the Court grants defendants' Motion to Dismiss as to all of plaintiff's claims for punitive damages against the City of Philadelphia.

### H. Claims Against the City of Philadelphia Police Department

Claims against the City of Philadelphia Police Department must be dismissed with prejudice because the City of Philadelphia Police Department does not have an independent corporate existence. See Regalbuto v. City of Phila., 937 F. Supp. 374, 377 (E.D. Pa. 1995) ("Defendants correctly argue that as a matter of law, the suit must be dismissed against the Philadelphia Police and Fire Departments because they are not separate legal entities that can be sued."). Thus, the Court grants defendants' Motion to Dismiss as to all claims against the City of Philadelphia Police Department.

## V. CONCLUSION

The Court grants defendants' Motion to Dismiss as to Counts III, IV, and V; all claims for punitive damages against the City of Philadelphia; and all claims against the City of

Philadelphia Police Department. The dismissal of Counts IV and V is without prejudice to plaintiff's right to amend the Complaint if warranted by the facts. Further, the Court dismisses Count II, a § 1983 claim based on a violation of the Eighth Amendment, sua sponte. The Court denies defendants' Motion to Dismiss the claims against Commissioner Ramsey.

    An appropriate Order follows.